Filed 10/13/22  P. v. Androshchuk CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C094802 |
| v. | (Super. Ct. No. 07F07669) |
| EDWARD VLADIMIROV ANDROSHCHUK, | |
| Defendant and Appellant. | |

In 2008, a jury convicted defendant Edward Vladimirov Androshchuk of kidnapping for robbery and sexual assault, sexual battery, forcible rape, forcible sodomy, forcible oral copulation, forcible digital penetration, forcible oral copulation in concert, and rape in concert with force.  The jury also found true allegations that triggered application of the one strike law.  The trial court sentenced defendant to an indeterminate term of 75 years to life plus a consecutive determinate term of 45 years.

The Legislature subsequently enacted and later amended Penal Code section 3051[1] to provide a youth offender parole hearing to certain individuals.  (Stats. 2013, ch. 312, § 4; Stats. 2017, ch. 684, § 1.)  But the statute excludes a defendant sentenced under the one strike law.  (§ 3051, subd. (h).)

---

[1]  Undesignated statutory references are to the Penal Code.

Defendant nevertheless filed a motion under section 1203.01, asserting that because he was between 21 and 23 years old at the time he committed his various offenses, he was entitled to a parole hearing during his 25th year of incarceration and also, well before that date, entitled to a hearing to present evidence that could be beneficial in his eventual parole hearing. The trial court appointed counsel for defendant and ultimately denied his request, concluding defendant is not entitled to such relief because he was sentenced under the one strike law.

Defendant now contends the section 3051 exclusion of one-strike offenders violates equal protection. (See *People v. Sands* (2021) 70 Cal.App.5th 193, 200 [trial court order denying relief in this context is appealable as a postjudgment order affecting the defendant's substantial rights]; see § 1237, subd. (b).) Because defendant did not raise this claim in the trial court, he only asserts a facial challenge to section 3051. (See *In re Sheena K.* (2007) 40 Cal.4th 875, 881-882, 885 [although an as-applied challenge to a law is generally forfeited when not raised at the trial level, a facial challenge is not].)

We conclude the section 3051 exclusion of one-strike offenders withstands rational basis scrutiny and does not violate equal protection. We will affirm the trial court's order.

DISCUSSION

A

The equal protection clause of the federal Constitution provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws." (U.S. Const., 14th Amend., § 1.) There is a similar clause in the California Constitution. (Cal. Const., art. I, § 7, subd. (a).) Both serve to prevent "governmental decisionmakers from treating differently persons who are in all relevant respects alike." (*Nordlinger v. Hahn* (1992) 505 U.S. 1, 10 [120 L.Ed.2d 1]; see *People v. Chatman* (2018) 4 Cal.5th 277, 288 (*Chatman*).) Both also employ different standards of review depending on the challenged classification, with a lower level of scrutiny in cases like this one that do not

2

involve fundamental rights or suspect classifications. (See *People v. Wilkinson* (2004) 33 Cal.4th 821, 838 [applying rational basis scrutiny when evaluating two criminal statutes because, among other things, a defendant " 'does not have a fundamental interest in a specific term of imprisonment' "]; see also *Nordlinger*, at p. 10.)

In cases subject to this lower level of scrutiny, courts have long held that a classification does not run afoul of the Equal Protection Clause if there is a rational relationship between the disparity of treatment and some legitimate governmental purpose. (*Armour v. City of Indianapolis, Ind.* (2012) 566 U.S. 673, 680 [182 L.Ed.2d 998]; see *Chatman*, *supra*, 4 Cal.5th at p. 289 [stating the same; adding that "we typically ask two questions": first, whether the classification treats two or more similarly situated groups unequally; and second, if it does, whether the classification bears a rational relationship to a legitimate state purpose].) Under this standard, "[a] classification in a statute is presumed rational until the challenger shows that no rational basis for the unequal treatment is reasonably conceivable." (*Chatman*, at p. 289.) Courts applying this standard may find a rational basis exists even when a potential justification for the law was " ' "[n]ever actually articulated" ' by lawmakers" nor " ' "empirically substantiated." ' [Citation]." (*Ibid.*) Courts may do so, moreover, even when "the logic behind a potential justification" is neither "persuasive [n]or sensible," so long as it is "simply rational." (*Ibid.*) "Coupled with a rebuttable presumption that legislation is constitutional, this high bar helps ensure that democratically enacted laws are not invalidated merely based on a court's cursory conclusion that a statute's tradeoffs seem unwise or unfair." (*Ibid.*)

B

Appellate courts have reached different conclusions when considering whether the section 3051 exclusion of one-strike offenders violates equal protection, and the issue is currently pending in the California Supreme Court. Some courts have held that the exclusion does not violate equal protection. (See *People v. Williams* (2020)

3

47 Cal.App.5th 475, 488, 493, review granted July 22, 2020, S262229 (*Williams*); *People v. Moseley* (2021) 59 Cal.App.5th 1160, 1162, review granted April 14, 2021, S267309 (*Moseley*); *People v. Miranda* (2021) 62 Cal.App.5th 162, 186, review granted June 16, 2021, S268384, (*Miranda*).) Other courts have reached the opposite conclusion. (See *People v. Edwards* (2019) 34 Cal.App.5th 183, 192, 197; *In re Woods* (2021) 62 Cal.App.5th 740, 746, review granted June 16, 2021, S268740.) Here, we conclude section 3051 is not facially invalid.

In *Williams*, the court rejected an equal protection challenge to section 3051, reasoning "that the risk of recidivism provides a rational basis for the Legislature to treat violent felony sex offenders sentenced under the one strike law differently than murderers or others who commit serious crimes." (*Williams, supra*, 47 Cal.App.5th at p. 493, review granted.) In *Moseley*, the court found the same. (*Moseley, supra*, 59 Cal.App.5th at p. 1170, review granted.) It further found that youthful sex offenders and youthful murderers are not similarly situated. (*Id.* at p. 1169.) And in *Miranda*, the court found a rational basis exists for the Legislature's decision to treat one-strike offenders differently, though it rejected the *Moseley* court's conclusion that youthful sex offenders and youthful murderers are not similarly situated. (*Miranda, supra*, 62 Cal.App.5th at pp. 183 & fn. 13, 185-186, review granted.) The *Miranda* court reasoned, in large part, that the Legislature could proceed incrementally in extending section 3051's benefits and that, in withholding these benefits from one-strike offenders and certain other offenders, the Legislature rationally appears to have drawn a line at recidivism risk. (*Miranda,* at pp. 185-186.)

The Legislature's apparent effort in section 3051, subdivision (h) to exclude those it determined were less deserving of early parole is a legitimate governmental purpose. (See *Marshall v. United States* (1974) 414 U.S. 417, 428 [38 L.Ed.2d 618] [equal protection clause not violated when Congress excluded from a treatment program defendants it believed "less likely to adjust and adhere to the disciplines and rigors of the

4

treatment program"].)  Where there are plausible and rational reasons for legislative action, the inquiry is at an end.  (See *F.C.C. v. Beach Communications, Inc.* (1993) 508 U.S. 307, 313-314 [124 L.Ed.2d 211].)

Because the exclusion of one-strike offenders serves a legitimate governmental purpose, the exclusion is "minimally rational enough to withstand rational basis scrutiny."  (*Chatman, supra*, 4 Cal.5th at p. 298; see *id.* at p. 297 ["our role in this case is to review the rationality of the statutes at issue, not measure their fairness or wisdom"].)  Defendant's facial challenge lacks merit.

DISPOSITION

The order is affirmed.

　　　　/S/　　　　　　　

MAURO, Acting P. J.

We concur:

　　　/S/　　　　　　

HOCH, J.

　　　/S/　　　　　　

RENNER, J.

5